UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

JARED CARPENTER, on behalf of himself and all
others similarly situated,

                Plaintiff                                **CLASS ACTION**
                                                          **COMPLAINT**
          -against-                                      1:17-cv-180 (GTS/DJS)

OVERTON, RUSSELL, DOERR & DONOVAN,
LLP,

                Defendant

--------------------------------------------------------------------x

## **PRELIMINARY STATEMENT**

1. The Plaintiff JARED CARPENTER ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class he seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Albany County, New York.

5. The Defendant Overton, Russell, Doerr & Donovan, LLP ("ORDD"), is a partnership of lawyers and maintains a principle place of business located at 19 Executive Park Drive, Clifton Park, New York.

6. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

10. The Defendant has been retained to represent Saratoga Hospital ("SH") which is located in Saratoga, New York.

11. The Plaintiff is alleged by the Defendant to be indebted to SH for a medial debt in the amount of $1,463.09 which was incurred for personal purposes.

12. The monetary obligation alleged to be owed by the Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

13. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

14. At a time unknown to the Plaintiff the alleged debt went into default and was referred to the Defendant for collection purposes.

15. In the attempt to collect the alleged debt from the Plaintiff, the Defendant sent letters to the Plaintiff, including a letter dated September 13, 2016. A copy of said letter is attached hereto as Exhibit "1" and incorporated by reference herein.

16. The attached letter states (in part):

> You have been given ample time and notices regarding your now seriously overdue debt noted above. You have thus far failed to make satisfactory arrangements with our office regarding payment of this outstanding balance.
>
> Since the sum is long overdue we must request that payment be made on this account within five (5) days from the date of this letter.
>
> I trust that you will give this matter your immediate attention and that further efforts to collect this debt will be unnecessary. We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
>
> We look forward to your prompt payment.
>
> > Very Truly Yours,
> > Overton, Russell, Doerr and Donovan, LLP

17. The statements set forth in the collection letter constitute a false threat to commence legal action against the Plaintiff.

18. Contrary to the assertions in the letter, and the clear import of these assertions, no legal action was authorized by SH nor would any legal action be commenced in regard to the alleged medical debt set forth in the letter.

19. In proof that no legal action was intended as implied in the letter, no lawsuit has been commenced against the Plaintiff as of the date set forth below which is 5 months after the date that legal action was supposed to have been commenced in conjunction with the clear import of the collection letter.

20. The clear import of the language in the letter is that some type of legal action was about to be initiated and could only be averted from running its course by payment of the alleged debt set forth in the letter.

21. Further proof that legal action was implicitly threatened is based upon the statement "You have been given ample time and notices regarding your now seriously overdue debt noted above."

22. Although "further efforts to collect this debt" could, under other circumstances, mean further collection letters, the "ample time and notices" statement eliminates the possibility of further collection letters to constitute further efforts to collect the alleged debt. Thus, by a process of deduction, the least sophisticated consumer would believe that the statements set forth in the letter could only mean that legal action will be commenced by September 18, 2016 if payment was not promptly tendered.

23. Failure to commence legal action by the date set forth in a collection letter in and of itself constitutes a threat of unintended action, even if legal action was commenced at a later date (which it was not).

24. The statements in the letter are not a simple assertion of potential creditor remedies; the statements are clearly intended to convey the message that immediate legal action would be commenced against the Plaintiff by a date certain if payment in full was not promptly tendered.

25. Proof that no legal action would be commenced by the Defendant is further demonstrated by the fact that any lawsuit against the Plaintiff could only be filed in the Supreme Court of the State of New York, in either Albany County or Saratoga County, pursuant to the venue mandates set forth in the FDCPA, 15 U.S.C. § 1692i(a)(2)(A)(B).

26. A review of the New York State "Ecourts" website indicates that no lawsuits have been filed on behalf of SH in the Supreme Court of the State of New York, County of Albany.

27. A review of the New York "Ecourts" website indicates that a total of only 31 lawsuits having been filed on behalf of SH since 1998 (almost 20 years ago), and that the Defendant represented SH in 26 of those lawsuits since 2000 (17 years ago).

28. The statements in the letter otherwise create a false sense of urgency.

29. The statement in the letter "I trust that you will give this matter your immediate attention and that further efforts to collect this debt will be unnecessary." falsely conveys the impression that the Plaintiff's account has been referred for personal attention. False references to personal attention to a consumer's account is deceptive as established by the United States Court of Appeals for the Second Circuit, *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d Cir. 1993).

30. Strong implied threats to take legal action by a law firm connotes to the least sophisticated consumer that an attorney has reviewed the particular circumstances of a file and that the demand letter is, in fact, from an attorney.

31. The reference to "I trust" was designed to imply that an attorney has reviewed the particular circumstances of the Plaintiff's account, was actively involved in the attempts to collect the alleged debt and that the letter was, in fact, sent by an attorney associated with the Defendant.

32. In fact, there was no meaningful attorney review of the Plaintiff's account as of the date of the letter, which was sufficient to conclude that legal action was justified, nor was the letter sent in any manner, shape or form by any attorney. Rather, the letter was sent by a non-attorney support employee as part of a series of computer generated form letters utilized by the Defendant.

33. To determine whether a threat exists in a collection letter, a debt collector's communication is read as a whole, and multiple statements in the communication may be read together to discern a threat.

34. The multiple statements in the Defendant's collection letter, read together, discerns an intended implied threat to commence legal action against the Plaintiff by September 18, 2016 if the debt was not paid in full by that time. Said threat is false.

35. The statements in the collection letter did not convey that legal action was a mere possibility, and that SH could choose to use it in the future, but constituted an intended false implication that legal action was an absolute certainty and would be swiftly commenced by the Defendant if payment in full was not tendered by September 18, 2016.

36. FDCPA case decisions have emphasized the importance of "imminence" in determining whether a threat of legal action exists.

37. An imminent threat of legal action may be imparted, and even be more effectively so, with skillfully crafted ambiguity and innuendo.

38. The reference to a response within 5 days creates a sense of imminence and a false threat of legal action is otherwise imparted from the Defendant's letter based upon the use of skillfully crafted ambiguity and innuendo which is contained in the wording of the Defendant's letter.

39. Although a threat of legal action cannot be presumed solely because a letter is sent under the letterhead of a law firm, the least sophisticated understands that the "price of poker has gone up" when receiving a collection letter from a law firm and, when confronted with nebulous language under law firm letterhead, the least sophisticated consumer cannot be faulted for fearing imminent litigation.

40. Debt collection law firms may not exploit the naivete of consumers through vague and unnecessary wording which is clearly designed to convey to the least sophisticated consumer the impression that imminent legal action is at hand.

41. Vague references to legal action in the context of debt collection letters from a law firm can strike fear in the least sophisticated consumer and such references were set forth by the Defendant to secure payment. Such practices are prohibited by the FDCPA.

42. The Defendant was motivated to set forth a false threat of legal action in part by the fact that the Defendant is paid on a contingency basis only if successful in compelling payment from consumers such as the Plaintiff.

43. The false, deceptive and misleading statements set forth in the Defendant's collection letter are material in that said statements affect the least sophisticated consumer's decision and/or ability to pay and/or challenge an alleged debt.

## CLASS ALLEGATIONS

44. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

45. This claim is brought on behalf of two classes consisting of:

    a. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a collection communication from the Defendant ORDD which is identical in content and form to the collection communication sent to the Plaintiff ("identical" does not include information specific to the Plaintiff) and where no lawsuit was filed within the 5 day period set forth in the letter; and

    b. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a collection communication from the Defendant ORDD which is identical in content and form to the collection communication sent to the Plaintiff ("identical" does not include information specific to the Plaintiff) and where no lawsuit was filed at any time.

46. The identities of all class members are readily ascertainable from records maintained by

the Defendant.

47. Excluded from the classes defined heretofore herein are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

48. Also excluded from the classes are all persons who may have previously settled the same FDCPA claims described herein via pre-suit settlements with the Defendant.

49. There are questions of law and fact common to the classes, which common issues predominate over any issues involving only individual class members.

50. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51. The Plaintiff will fairly and adequately protect the interests of the classes defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorney has any interests, which might cause them not to vigorously pursue this action.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the classes defined above are each so numerous that joinder of all members of the each class would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether

        the Defendant ORDD utilized false, deceptive and misleading debt collection means in the attempt to collect alleged personal debts.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the members of each class insofar as Plaintiff has no interests that are adverse to the absent members of each class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the herein class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f)   Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the classes predominate over any questions affecting any individual member of the classes, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

53. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of alleged consumer debts;

The Defendant violated 15 U.S.C. § 1692e(5) by threatening unintended legal action in conjunction with alleged consumer debts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the classes as set forth below:

(i) The maximum statutory damages for himself and the classes as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## JURY DEMAND

       Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
          February 17, 2017

                                  ROBERT L. ARLEO, ESQ. P.C.

                             By: */ s / Robert L. Arleo*
                                  ROBERT L. ARLEO
                                  380 Lexington Avenue
                                  17th Floor
                                  New York, New York 10168
                                  PHONE (212) 551-1115
                                  FAX: (518) 751-1801
                                  Email: robertarleo@gmail.com
                                  Attorney for the Plaintiff